In the Matter of FRANK P. WALSH, Petitioner, against JAMES B. WATSON et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, September 19, 1950.

*Herbert L. Fine* for petitioner.

*John P. McGrath, Corporation Counsel* (*Thomas W. A. Crowe* and *John A. Murray* of counsel), for respondents.

HECHT, J. Petitioner, in this article 78 proceeding, applies for an order directing the respondent, municipal civil service commission for the city of New York, to restore his name to the civil service eligible list for the position of patrolman, police department, as one qualified for appointment.

Petitioner passed the civil service examination for patrolman and was placed on the eligible list. On May 3, 1950, he received a notice from the commission, requiring him to show cause why his name should not be stricken from the list. A hearing was had before the commission on May 31, 1950, at which it was established that petitioner was arrested in May, 1940, charged with the crime of grand larceny; that he pleaded guilty to the lesser charge of petit larceny in the Court of General Sessions, New York County, received a suspended sentence and was placed on probation for three years. At the hearing petitioner's attorney was permitted to submit affidavits attesting to the good conduct and character of petitioner. It does not appear, however, that these matters were considered by the commission. At the conclusion of the hearing, the commission unanimously voted to remove petitioner's name from the eligible list on the ground of disqualification, namely, that he had been found guilty of the crime of petit larceny.

The commission based its action on the provisions of subdivision 4 of rule V of section 12 of the rules of the Municipal Civil Service Commission, relating to the police and fire services. This rule was adopted by the commission on October 6, 1926, in conformity with the provisions of subdivision 2 of section 11 of the Civil Service Law. The rule provides: '' No person convicted of petit larceny or dishonorably discharged from the army or navy shall be examined or certified or appointed as a Patrolman or Fireman.''

The nub of petitioner's argument is that the aforesaid rule is in conflict with (1) the provisions of subdivision 4 of section 14 of the Civil Service Law which state: '' commissions may refuse to examine an applicant, or after examination to certify an eligible, who is found to lack any of the established preliminary requirements for the examination or position for which he applies; or who is physically so disabled as to be rendered unfit for his performance of the duties of the position to which he seeks appointment; or who is addicted to the habitual use of intoxicating beverages to excess; or who has been guilty of a crime or of infamous or notoriously, disgraceful conduct; * * * or who has intentionally made a false statement of any material fact, or practised, or attempted to practise, any deception or fraud in his application, in his examination, or in

securing his eligibility or appointment."; (2) section 434a–8.0 of the Administrative Code of the City of New York, which provides: '' Only persons shall be appointed  \*  \*  \* to membership in the police force  \*  \*  \* who have never been convicted of a felony.''

I do not agree with petitioner's contention. It was within the power of the municipal civil service commission to narrow the qualification for applicants for the position of patrolman by adopting the rule it relied on in disqualifying petitioner. When adopted, the rule had '' the force and effect of law '' (Civil Service Law, § 6) and was binding on the commission. In the circumstances, its refusal to consider evidence of petitioner's good character and reputation was proper.

Motion denied; petition dismissed.