Vincent A. Lupiano, J.
This proceeding, pursuant to article 78 of the Civil Practice Act, seeks to compel the department of personnel, New York City Civil Service Commission, to mark the petitioner qualified for the position of patrolman and to restore his name to the eligible list for said position.
It appears that the petitioner is married, lives with his wife and child, is presently employed in the United States post office; was never arrested, nor convicted of a crime. He successfully competed for the position of patrolman, and medically qualified. However, his subsequent disqualification was based on ‘ ‘ Excessive traffic violations and seofflaw attitude ”. His appeal to the commission, thereafter, was denied, after a hearing.
Petitioner admitted 15 traffic violations; that he did not appear on the return dates of the summonses and only appeared after the issuances of citations, at which time he paid the fines imposed.
Subdivision 4 of section 14 of the Civil Service Law provides that an applicant or eligible may be disqualified if he “has been guilty of a crime or of infamous or notoriously disgraceful conduct ”. Rule III (§ VII, subd. 1 [a]) of the Rules and Regulations of the New York City Civil Service Commission permits the director to mark a candidate not qualified whenever he finds “ that a candidate has an unsatisfactory character or reputation.” In addition subdvision 4 of said rule and section declares that, ‘ ‘ The burden of proving good character shall be upon the candidate.”
In review of this type of proceeding the court must appraise the vital function of the police as guardians of law and order, *267 with the prerequisite proper attitude for law enforcement. For some positions in the civil service, a background of acquisition of traffic summonses and the failure to pay the fines therefor until after the issuance of citations might not be reason for disqualification, as in those instances where the enforcement of laws or the security of the people is directly concerned (cf. Matter of Pinggera v. Municipal Civil Service Comm., 206 Misc. 615). In fact, the Civil Service Commission, acutely aware of this principle, has by section XII (subd. 4) of rule V increased the standard for employment of a patrolman, by refusing to examine or certify any person who has been convicted of petit larceny or dishonorably discharged from the Armed Forces. The validity of that rule has been judicially sustained (Matter of Walsh v. Watson, 198 Misc. 643).
While it is true that the traffic violations herein do not involve a moral taint, the number thereof coupled with the fact that the petitioner failed to appear indicates such a disrespect for the law and the mandates of the court as would justify the commission’s act in disqualifying petitioner for the position involved. Upon the record here presented, it cannot be said that the determination was arbitrary, unreasonable or illegal; nor may the court substitute its judgment for that of the commission. There is ample warrant and basis in the record for the determination made. Accordingly the application is denied and the petition dismissed.
Settle order.