**Solomon J. UPSHAW, Plaintiff, Appellant,**

v.

**Edmund L. McNAMARA, Commissioner of Police for the City of Boston, Massachusetts, Defendant, Appellee.**

**No. 7652.**

United States Court of Appeals, First Circuit.

Dec. 18, 1970.

Department. His score on the civil service examination was sixth best of all the applicants for the 56 positions, and he indicated that he would accept an appointment if one were forthcoming. He was told to await notification of his appointment from the Commissioner of Police for the City of Boston, defendant and appellee. Hearing nothing, he initiated inquiries at police headquarters. There he was informed that the Commissioner had not appointed him because of his criminal record.[1] Appellant, at the suggestion of a police detective, wrote the Commissioner and requested a hearing, but the Commissioner denied the request, indicating that he saw no reason for granting such a hearing. Subsequently, appellant brought an action in district court, alleging that his constitutional rights had been violated. His complaint was dismissed as failing to state a cause of action under 42 U.S.C. §§ 1981, 1983, and he appeals to this court.

Frederick L. Brown, Boston, Mass., with whom Owens, Dilday & Brown, Boston, Mass., was on brief, for appellant.

John A. Fiske, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Appellant was convicted of a felony and subsequently given a full pardon by the state of Massachusetts. In 1967, he sought appointment to the Boston Police

Appellant raises four constitutional issues concerning the Commissioner's failure to grant his appointment because of his criminal record. First, he says that the Massachusetts statute which prohibits the appointment of felons to the police force is a bill of attainder. Mass.Gen.L.Ann., ch. 41, § 96A. But the Massachusetts Supreme Judicial Court has construed this statute as not constituting an absolute barrier to felons who have been pardoned. Commissioner v. Director, *supra* note 1. Appellant argues further that the law as applied by the Commissioner has the same effect as a bill of attainder.[2] But the felony con-

---

1. The Commissioner has the power to deny appointment to someone where there are reasonable grounds to regard that person's "character or past conduct as rendering him unfit and unsuitable to perform the duties of office." Commissioner of Metropolitan District Commission v. Director of Civil Service, 348 Mass. 184, 193, 203 N.E.2d 95, 101 (1964). [Hereinafter cited as Commissioner v. Director.] This case is discussed at length, *infra*.

2. Appellant's argument here, and elsewhere, assumes that his felony conviction was the sole reason for the Commissioner's decision. Yet, in his complaint and in his brief, he alleges that the reason given for the Commissioner's decision was his "record". His "record", which we take to mean criminal record, included more than the felony conviction; he had also been convicted of a serious misdemeanor, assault and battery. Thus, appellant's arguments, which turn on the fact that he was pardoned for his felony conviction, may not be complete because he fails to consider the effect of the misdemeanor conviction on his qualifications. Nevertheless, we have given

viction disqualification for a police appointment, whether absolute or not, cannot be considered a bill of attainder unless it constitutes an unreasonable basis of ineligibility. United States v. Brown, 381 U.S. 437, 454 n. 29, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965). We cannot say that the commission of a felony evidenced by a conviction, is any less reasonable a basis for disabling one to serve as a policeman than to vote, Trop v. Dulles, 356 U.S. 86, 96–97, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), or to practice medicine, Hawker v. New York, 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002 (1898), or in serving in other capacities important to the public interest, DeVeau v. Braisted, 363 U.S. 144, 159, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960).

■ Appellant's second claim is that he was denied equal protection of the law. Best stated, his claim is that the Commissioner refuses to appoint any pardoned felons and that he does not administer the law so as to afford them treatment equal to that afforded other applicants.[3] We note initially that a classification based on criminal record is not a suspect classification. See, e. g., Hunter v. Erickson, 393 U.S. 385, 392, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969); Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); Korematsu v. United States, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944); and generally

Note, Developments in the Law—Equal Protection, 82 Harv.L.Rev. 1065, 1087–1091 (1969). Thus such a classification does not require the rigid scrutiny that suspect classifications bring forth. We can easily see a rationale for a policy decision not to hire persons who have been convicted of felonies even though they have been pardoned; a person who has committed a felony may be thought to lack the qualities of self control or honesty that this sensitive job requires.[4] Cf. Bruns v. Pomerleau, 319 F.Supp. 58 (D.Md.1970). Such a classification would withstand the restrained review we give to most administrative or legislative decisions. Cf. McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). We think no closer review is called for in this case because there is no allegation that any fundamental right, such as the right to vote, has been violated. E. g., Harper v. Virginia State Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966). The opportunity to obtain employment is important and were the classification facially unreasonable a closer examination might be called for. See Developments in the Law—Equal Protection, supra at 1120–1131. But even fundamental rights, such as the right to vote, have traditionally been denied to felons. Cf. Trop v. Dulles, supra, 356 U.S. at 96, 78 S.Ct. 590. DeVeau v. Braisted, supra, 363 U.S. at 159, 80 S.Ct. 1146.

appellant the benefit of the doubt—mainly because the appellee makes little use of the misdemeanor conviction—and have assumed with him in reviewing the dismissal of his complaint, that he has alleged that the felony conviction alone was behind the Commissioner's decision.

3. Appellant's actual claim is unclear. He may be saying that equal protection is violated if a pardoned felon cannot become a police officer in Boston but can become a policeman in other towns in Massachusetts. As an equal protection argument, this claim has no merit. Equal protection does not require that every subdivision of a state have identical requirements for employment. If Boston so assesses the physical demands of a policeman's job as to require a statute of

five feet ten inches, but Worcester judges those demands satisfied by officers who are five feet eight, Boston does not deny equal protection to persons who are five feet eight or five feet nine. If Boston's requirements violated state law or were patently unreasonable, they may violate due process or, under one interpretation, discussed infra, equal protection. But equal protection does not forbid governments from treating different people differently, as long as there is a rational basis for the different treatment.

4. If the Commissioner had flatly refused to consider appellant and if appellant had been pardoned because of innocence, this would be a quite different case. Appellant does not claim, however, that he was pardoned because of innocence.

■ Although the Commissioner's automatic disqualification of all felons, even though pardoned, may withstand limited review, appellant argues that it is unreasonable and arbitrary and hence a denial of substantive due process because the Massachusetts Supreme Judicial Court has rejected it in Commissioner v. Director, *supra*. In making this argument, however, appellant overstates Massachusetts law. In Commissioner v. Director the court did say that the absolute disqualification imposed by statute on pardoned felons is removed by a full pardon. Nevertheless, it went on to recognize the strong legislative policy, manifested by the statute, against entrusting persons convicted of felonies with the duties of police officers, concluding:

> "The obvious inappropriateness of appointing as a police officer one previously convicted of felony, even though later pardoned (for grounds other than his innocence), was ample justification for the commissioner's refusal to appoint O'Handley." 348 Mass. at 197, 203 N.E.2d at 103.

The Massachusetts law would seem to be that, for the protection of those pardoned because of innocence, pardoned felons cannot be excluded from the list of those eligible for appointment, but that the Commissioner can, as a matter of policy, refuse to appoint all those whose pardons were granted for grounds other than innocence. He is not required to do so, however, and if he chooses he can consider the applications of those pardoned on other grounds. But such applicants have a "heavy burden" of satisfying the Commissioner of their suitability. We conclude that an automatic refusal to appoint appellant, who does not allege he was pardoned because of innocence, is both consistent with the requirements of Massachusetts and reasonable under the limited review we give such rules.

■ Appellant's final argument is a procedural due process claim. To consider appellant's claim in the best light, we assume, contrary to our assumption when we considered his other arguments, that the Commissioner's rule is that he will not, as a policy matter, exclude felons pardoned for reasons other than innocence, but he will appoint them if they can sustain the "heavy burden" of satisfying him of their qualifications.[5] Appellant argues that the process of considering such applications is unfair and that he has been denied a hearing before the Commissioner in which he could attempt to carry that "heavy burden". We are required to balance the interests of appellant and of the Commissioner in considering this due process claim.[6] The Commissioner seeks to secure honest and reliable appointees to one of the most sensitive and difficult jobs that exists. Appellant's interest in the appointment is slight; Massachusetts law grants him at most the opportunity to be appointed if the Commissioner is convinced of his qualifications. Because of his status as a pardoned felon, his protected interest is significantly less than that of an ordinary applicant with the same civil service rating. As an applicant, his protected interest is also less than the employees in *Drown, supra* note 6, and Medoff v. Freeman, 362 F.2d 472 (1st Cir. 1966), who had already been

---

5. The term "heavy burden" is the Massachusetts court's. Commissioner v. Director, *supra* at 196, 203 N.E.2d 95. Contrary to appellant's contention, the term is not used to imply that a forum must be provided in which appellant can satisfy that burden; in context the term is used to explain the wide discretion of the Commissioner. Appellant's "heavy burden" is a burden of "satisfying". The court's sustaining the Commissioner's automatic refusal, without a hearing to appoint any felon, not pardoned because of innocence, is inconsistent with the supposition that any procedural rights are implied.

6. For a more complete discussion of judicial review of procedural due process claims, see our opinion in Drown v. Portsmouth School District, 435 F.2d 1181 (1st Cir. 1970), which we also decide today.

employed on a probationary basis and who had thus given up other potential jobs in hopes that they could continue their employment. In those cases, when we balanced the interests of the probationary employees with those of their employers, we concluded that the employees were not entitled to a trial-type hearing, but were entitled only to reasons for the decision not to rehire them. Here, appellant has been informed of the reasons why he was not appointed,[7] and was also afforded the opportunity to challenge that decision in writing. Moreover, on the assumption that the Commissioner's policy is to appoint pardoned felons who successfully carry the heavy burden of satisfying him as to their qualifications, there is nothing to suggest that, had appellant alleged sufficient reasons in his written request, he could not have obtained a hearing.

Finally, we note that the issues involved in this case might have best been raised in another forum. The rights with which appellant is primarily concerned are the rights of pardoned felons under Massachusetts law. Federal issues are at best secondary and hinge upon our interpretation of state law. Since there is only one Massachusetts case which treats this issue and then only briefly, we are handicapped in our interpretation; in future cases Massachusetts might expand the rights of pardoned felons. Moreover, Massachusetts might seek to afford appellant more procedural protection than we think the federal Constitution requires. In the future we would be tempted to abstain from deciding similar cases in which the federal rights were secondary and based on rights granted by the state, particularly if an alternative state forum were available to the plaintiff. *See* C. Wright, Law of Federal Courts, § 52 (2d ed. 1970); Note, Limiting the Section 1983 Action

in the Wake of Monroe v. Pape, 82 Harv. L.Rev. 1486 (1969). *But see* Chevigny, Section 1983 Jurisdiction: A Reply, 83 Harv.L.Rev. 1352 (1970).

Affirmed.

---

7. We note in passing that appellant was required to seek out not only the reasons for the decision, but also whether or not the decision has been made. Since he did ultimately receive that information, he was not prejudiced, but we think that future applicants should not have to take the steps appellant took in order to learn whether or not they have been appointed.