Thomas **CARR**, Plaintiff,

v.

James W. **THOMPSON**, Chairman, Municipal Civil Service Commission, and the Municipal Civil Service Commission, Defendants.

Civ. No. 1973-93.

United States District Court,
W. D. New York.

Oct. 17, 1974.

Herman Schwartz and Edward I. Koren, Buffalo, N. Y., for plaintiff.

George M. Donohue, Corp. Counsel, City of Niagara Falls, N. Y., for defendants.

CURTIN, Chief Judge.

This is an action challenging the constitutionality of defendants' refusal to allow plaintiff to take a Civil Service examination for employment as a sewer worker for the City of Niagara Falls, New York. The complaint in this case was filed on February 26, 1973 and the case was assigned to Judge John O. Henderson. On March 5, 1973 plaintiff filed a motion for a preliminary injunction. From March 12, 1973, the return date of that motion for a preliminary injunction, until sometime in July, the parties were engaged in attempts to settle this lawsuit. When it became apparent that it could not be settled, plaintiff served interrogatories on defendants and, on August 27, 1973, renewed their motion for a preliminary injunction and also moved for an order directing defendants to respond to plaintiff's interrogatories. On the 17th of September, 1973 that motion was heard by Judge Henderson. At that time the parties agreed to a thirty-day stay of filling the sewer worker position. Defendants were also to begin work on answering plaintiff's interrogatories. On the day set for the hearing on the motion for a preliminary injunction, November 26, 1973, no one appeared on behalf of the City of Niagara Falls and, upon motion of the plaintiff, a default judgment was granted. On December 3, 1973 the defendants moved to vacate and set aside the default judgment and, on December 17, 1973, the court vacated the default judgment and ordered the parties to file briefs on the question of the preliminary injunction. This matter was transferred to this court after Judge Henderson's death in February 1974.

The facts in this case are not in dispute. On August 12, 1972 the Municipal Civil Service Commission of the City of Niagara Falls gave official notice of an examination to be held for the position of Assistant Filter Operator for the City of Niagara Falls. The examination was to be given on October 21, 1972. The job of Assistant Filter Operator primarily deals with water purification and treatment for the City of Niagara Falls. On August 28, 1972 the plaintiff, Thomas Carr, filed an application for the examination and, in response to Question No. 9 on the application which inquired if the applicant had ever been convicted of a legal offense, he answered "yes." The plaintiff acknowledged convictions for petit larceny, disorderly conduct, escaping arrest, and driving while intoxicated, which was reduced to impaired driving. Upon receipt of plaintiff's application the defendant, Municipal Civil Service Commission, obtained a police

record check of plaintiff.[1] The police record indicated that plaintiff was not involved in any court action as of the date of the report.

Pursuant to Article 2, Section 20 of the Civil Service Law of the State of New York, the Niagara Falls Municipal Civil Service Commission has prescribed rules for appointments and promotions in civil service positions. Rule IX of the Niagara Falls Municipal Civil Service Commission is as follows:

## DISQUALIFICATION

1. Good moral character and habits and a satisfactory reputation shall be requirements for appointment to any position subject to these rules. Any applicant who is found to lack such requirements shall be disqualified for examination or, after examination, for certification and appointment.

2. A record of disrespect for the requirements and processes of law, including repeated traffic offenses or disregard of summonses for traffic offenses, may be grounds for disqualification for examination or, after examination, for certification and appointment.

3. The burden of establishing his qualifications to the satisfaction of the commission shall be upon the applicant. Any applicant who refuses to permit the commission to investigate matters necessary for the verification of his qualifications or who otherwise hampers, impedes or fails to cooperate with the commission in such investigation shall be disqualified for examination or, after examination, for certification and appointment.

Pursuant to this rule and based upon the information contained in the police record, the Niagara Falls Municipal Civil Service Commission disqualified plaintiff from taking the examination for Assistant Filter Operator. On October 13,

1. The police record follows:

| | | | | |
|---|---|---|---|---|
| 1. | | 10-2-61 | Petit larceny | 3 mos. County Jail—suspended; probation 1 yr. |
| 2. | | 10-29-61 | Disorderly conduct & escaping arrest | 30 days suspended sentence. |
| 3. | Summons | 3-12-71 | Driving while intoxicated— reduced to impaired driving | Paid $50 fine & license suspended 60 days. |
| 4. | | 5-5-58 | Burglary & larceny second—reduced to petit larceny | Adjudged youthful offender— one year probation. |
| 5. | | 9-16-60 | Unlawfully entering building & disorderly conduct | Dismissed. |
| 6. | | 4-17-72 | Assault second | Dismissed. |
| 7. | Summons | 4-24-58 | Speeding | Paid $15 fine. |
| 8. | " | 7-4-58 | Speeding | Dismissed. |
| 9. | " | 5-8-60 | Speeding | Dismissed. |
| 10. | " | 7-21-60 | Speeding | Dismissed. |
| 11. | " | 5-6-61 | Red light | Dismissed. |
| 12. | " | 11-22-63 | Speeding | $25 fine suspended. |
| 13. | " | 9-11-66 | Red light | $10 fine suspended. |
| 14. | " | 3-12-71 | Wrong side of street | Dismissed. |

1972 the plaintiff was notified by Frank C. Maietta, the Secretary of the Municipal Civil Service Commission, by letter, of his disqualification from taking the examination. The parties have agreed that the sole reasons for plaintiff's disqualification from taking the examination were plaintiff's police record and defendants' interpretation of Rule IX of the Niagara Falls Municipal Civil Service Commission Rules.

Plaintiff has alleged jurisdiction in this action under 28 U.S.C. §§ 1331, 1343 (3), (4) and 2201, and has alleged that it arises under the Civil Rights Act, 42 U.S.C. § 1983, and the Constitution of the United States, in particular but not limited to the eighth and fourteenth amendments.

 The defendants have not made a motion to dismiss based on improper jurisdiction, but they argue in their brief that plaintiff could have proceeded by way of an Article 78 proceeding pursuant to the New York Civil Practice Law and Rules, and that jurisdiction of this action by this court is improper. In construing the Civil Rights Act, the Supreme Court has held that a federal remedy under the Civil Rights Act is supplementary to any remedy that may exist under state law, and that it is not necessary to seek the state remedy before invoking the federal one. *See* Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Therefore, the court finds that jurisdiction is proper.

 In considering a motion for a preliminary injunction, the court must look for two elements. First, there must be a showing of probable success on the merits and, secondly, there must be proof of irreparable harm to those seeking the injunction. Gulf and Western Industries v. Great Atlantic and Pacific Tea Co., Inc., 476 F.2d 687 (2d Cir. 1973).

To determine whether a preliminary injunction should issue, an analysis of plaintiff's police record follows.

Plaintiff's police record contains fourteen entries. Nine of these entries are summonses for traffic violations. Five of these violations were dismissed and, of the four remaining, two were for speeding ($15 and $25 fines), one was for a red light ($10 fine), and one was for driving while intoxicated, which was reduced to impaired driving and resulted in a sixty-day license suspension and a $50 fine.

Of the five arrests on plaintiff's record, one for unlawfully entering a building and disorderly conduct was dismissed, and one for assault second was dismissed. The remaining three arrests resulted in convictions. In 1958 plaintiff was charged with burglary and larceny in second degree. This charge was reduced to petit larceny and plaintiff was adjudged a youthful offender and given one year probation. In 1961 an arrest for petit larceny resulted in a three-month jail sentence which was suspended and plaintiff was put on probation for one year. Finally, in 1961 plaintiff was charged with disorderly conduct and escaping arrest, for which he was given a thirty-day suspended sentence.

In reviewing plaintiff's record, it should be noted that nine of the entries occurred during the years 1958 to 1961 when plaintiff was 17 through 21 years of age. Of the five which occurred later, two were dismissed, two resulted in suspended fines and one (the impaired driving entry) resulted in a sixty-day license suspension and $50 fine.

When plaintiff was convicted of petit larceny in 1958, he was adjudged a youthful offender under New York State law. The New York Criminal Procedure Law, Section 720.35(2) precludes disclosure of a record of conviction of a youthful offender. Furthermore, Section 720.35(1) provides:

A youthful offender adjudication is not a judgment of conviction for a crime or any other offense, and does not operate as a disqualification of any person so adjudged to hold public office or public employment or to re-

ceive any license granted by public authority.

■■ Thus, it appears that the decision of the Municipal Civil Service Commission of the City of Niagara Falls was based upon a series of traffic summonses, most of which are approximately twelve years old and most of which were dismissed. The Civil Service Commission relied upon two arrests for minor criminal charges, one twelve years old and one fourteen years old, both of which were dismissed, and a conviction of plaintiff sixteen years ago which, since he was adjudged a youthful offender, the New York State statute specifically directs that it not be used to bar public employment. Finally, the two remaining arrests of plaintiff were approximately twelve years old and resulted in suspended sentences.

Defendants argue that the position of an Assistant Filter Operator carries with it certain responsibilities which, if neglected or disregarded, can seriously affect the health and well-being of the residents of the City of Niagara Falls. While that is certainly true, many of the cases cited to the court by defendants involve employment with police departments or fire departments, which positions are particularly sensitive ones and special care must be used in selecting applicants. The unusual nature of police and firemen jobs has been recognized, both by the federal courts and the New York State courts. *See* Upshaw v. McNamara, 435 F.2d 1188 (1st Cir. 1970), and Vegas v. Schechter, 13 Misc.2d 265, 178 N.Y.S.2d 67 (Sup.Ct.N.Y.1958).

By this decision the court does not mean to infer that the position applied for is not an important one. It simply appears that when the history of plaintiff's record is considered, he should be given an opportunity to take the examination and to make his case for qualification for this position. To hold otherwise would prevent plaintiff from exercising rights afforded to him by the Constitution of the United States.

In DeVeau v. Braisted, 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960), the Supreme Court dealt with a situation somewhat similar to the instant case when it considered the constitutionality of the New York Waterfront Commission Act, which barred convicted felons from waterfront employment and from acting as stevedores employing others. Although holding the Act constitutional, the Court noted that there was a history of corruption on the New York waterfront which necessitated this strict measure, and also that the employment in question was important to the public interest. 363 U.S. at 158–159, 80 S. Ct. 1146. In the instant case, plaintiff has sufficiently brought into question whether his disqualification from taking the Filter Operator's examination was merited in light of the facts now before this court. Disqualifications of applicants seeking to engage in certain activities affecting the public have usually been upheld on the ground that the basis of the disqualification (*e. g.*, convictions, arrest record) relates directly to the standards of character and conduct demanded of a person engaged in those activities. Ali v. Division of State Athletic Commission, New York, 316 F.Supp. 1246, 1250 (S.D.N.Y.1970). Plaintiff has succeeded in showing that there is sufficient doubt whether such a relationship exists between the standard of character needed for the job of filter operator and his disqualification from that position on the basis of his police record.

While not specifically ruling on the merits of plaintiff's claim at this time, the court finds that, based on the facts now before it, plaintiff has met his burden of showing probable success. *See also* Schware v. Board of Bar Examiners, 353 U.S. 232, 238–239, 77 S.Ct. 752, 1 L. Ed.2d 796 (1957).

Because civil service examinations are held rather infrequently, and because plaintiff has submitted an affidavit stating that he is currently unemployed, the court finds that irreparable injury would result to plaintiff if he were not allowed to take the next examination. Plaintiff's motion for a preliminary injunction en-

 

joining defendants, their agents and employees from denying plaintiff the right to take the civil service examination for the position of Assistant Filter Operator for the City of Niagara Falls, New York is granted.

So ordered.