Thomas L. FOX, Jr., Plaintiff,

v.

Walter E. WASHINGTON et al.,
Defendants.

Civ. A. No. 497–72.

United States District Court,
District of Columbia.

April 22, 1975.

Dorothy Sellers, Washington, D. C., for plaintiff.

Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

BRYANT, District Judge.

■ Thomas Fox is an applicant for a position in the District of Columbia Fire Department. The United States Civil Service Commission has certified Fox and the class he represents[1] as eligible for appointment to the position of firefighter. Fox and his class also meet all the physical requirements for the job except the minimal height requirement of 5′7″.[2] Fox has filed a Motion for Summary Judgment and argues that this court should rule in his favor on the ground that the minimum height regulation violates the due process and equal protection requirements of the Fifth Amendment, and also violates a Civil Service Employment Regulation, 5 C.F.R. § 300.103 (1974), which requires that there be a rational relationship between a government employment practice and job performance. For reasons set forth below, the plaintiffs' Motion for Summary Judgment is granted on the ground that the height requirement violates the Civil Service Commission employment regulation. This ruling makes it unnecessary to reach the constitutional issue.[3]

■ The Federal Civil Service Employment Practice regulation requires that:

There shall be a rational relationship between performance in the position to be filled (or in the target position in the case of an entry position) and the employment practice used. The demonstration of rational relationship shall include a showing that the employment practice was professionally developed.[4]

This regulation is made applicable to the District of Columbia Fire Department through 4 D.C.Code § 402 (1973), which provides that members of the District

1. This court certified the case as a class action under Federal Rule of Civil Procedure 23(b)(1), (2), and (3) in an order issued on May 3, 1974.

2. Commissioner's Order No. 72–105, 18 D.C. Register 782, 783 (1972).

*See also* Plaintiff's Statement of Material Facts As To Which There Is no Genuine Issue, ¶ 2. Since the District of Columbia has filed no response to plaintiff's statement, this court assumes that the defendant admits all facts contained in that statement. Rules of the U. S. District Court for the District of Columbia, Rule 1–9(g).

3. *See e. g.,* Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 441, 5 L.Ed. 257 (1821); Siler v. Louisville and Nashville R. Co., 213 U.S. 175, 193, 29 S.Ct. 451, 53 L.Ed. 753 (1909); Alma Motor Co. v. Timken-Detroit Axel Co., 329 U.S. 129, 132, 136, 142, 67 S.Ct. 231, 91 L.Ed. 128 (1946); Rosenberg v. Fleuti, 374 U.S. 449, 451, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963).

4. 5 C.F.R. § 300.103(b) (1974).

of Columbia Fire Department shall be appointed in accordance with the rules and regulations promulgated pursuant to certain sections of Title 5 of the U.S. Code, including Section 3302. The employment practices, portion of the Civil Service Regulations, including § 300.-103, was promulgated by the Civil Service Commission pursuant to Section 3302.[5]

The District of Columbia does not face up to the applicability of Section 300.103 to its Fire Department hiring practices. Nor does it contest plaintiffs' argument that the height requirement is an "employment practice" within the regulation, a contention which would be difficult to support since Section 300.101 specifically defines "employment practices" to encompass all "qualification standards". The city's 5'7" height requirement is obviously a qualification standard.

Rather the District bases its entire defense to this challenge on the assertion that the law requires only that the District show that there is some nexus between height and job performance, and that the city has made this bare showing. The city's argument flies in the face of the plain meaning of the regulation, which requires a "rational relationship" shown to be "professionally developed"; a recent opinion of the U. S. Court of Appeals for the District of Columbia; and the Civil Service Commission's interpretation of this regulation.

■ In Douglas v. Hampton,[6] the United States Court of Appeals for the District of Columbia Circuit referred to Section 300.103 in a class action challenge to the Federal Services Entrance Examination. Although acknowledging some uncertainty as to the precise meaning of the regulation, the Court declared that "we do not understand" the term rational relationship in the regulation "to carry the same meaning as in equal protection cases that decline to apply a 'strict scrutiny' standard."[7] Accordingly, this court must, at the outset, reject the defendant city's permissive interpretation of "rational relationship".

■ In the area of physical qualifications the Civil Service Commission has given considerable guidance as to the meaning of the regulation. The Commission's interpretations of the employment regulations, in both adjudicatory and rule-making proceedings, require that the city show more than some nexus between the job qualification and job performance. Under established principles of law this court must give considerable weight to the administrative interpretation.[8]

In 1972 the Civil Service Commission decided a case substantially identical to the case currently before this court. In

---

5. 36 Fed.Reg. 15447 (1971).

The purpose section of the Employment practices chapter, 5 C.F.R. § 300.101, also states that one of the purposes of the chapter is "to establish principles to govern" the employment practices "in positions in the government of the District of Columbia required to be filled in the same manner that positions in the competitive service are filled".

6. 512 F.2d 976 (D.C.Cir., filed Feb. 27, 1975) at 26.

7. The District of Columbia's reliance on Robson v. Rodriguez, 26 N.J. 517, 141 A.2d 1 (1958) is misplaced. In Robson, the New Jersey Supreme Court upheld a state law which precludes a person who sustains personal injury or property damage at the hand of a financially irresponsible motorist from collecting compensation from the state's Un-

satisfied Claim and Judgment Fund if at the time of the accident he was operating an uninsured motor vehicle. The court in Robson held that state laws of this type must be upheld where there is "any conceivable state of facts which would afford reasonable ground therefor". *Id.* at 5. Clearly this is not the standard which the Court of Appeals found applicable to § 300.103 in the Douglas case.

8. Skidmore v. Swift & Co., 323 U.S. 134, 139–40, 65 S.Ct. 161, 89 L.Ed. 124 (1944). This conclusion also follows from the many cases holding that administrative interpretations of statutes are entitled to great weight. *See e. g.,* Zuber v. Allen, 396 U.S. 168, 192–93, 90 S.Ct. 314, 24 L.Ed.2d 345 (1969); Volkswagenwerk Aktiengesellschaft v. F.M.C., 390 U.S. 261, 272, 88 S.Ct. 929, 19 L.Ed.2d 1090 (1968); Udall v. Tallman, 380 U.S. 1, 16, 80 S.Ct. 792, 13 L.Ed.2d 616 (1965).

In Re Shirley Long,[9] the Commission measured the height and weight requirements for United States Park Police against § 300.103, and invalidated the requirements on the twin grounds that there had been no job analysis of the physical requirements and also that the Park Service had failed to demonstrate a rational relationship between job performance in the position of Park Police Officer and the physical requirements.[10]

The Commission has also interpreted Section 300.103 in the Federal Personnel Manual which contains instructions from the Commission to other agencies on matters of personnel management. Supplement 271–1 of the Manual sets out guidelines for implementing subpart A, Employment Practices, part of 300 of the Civil Service Regulations, of which Section 300.103 is the central section.[11] The Supplement states that physical requirements must be established on the basis of both studies by medical officers and research relating to the effects of physical defects on employment.[12]

█ Thus the Civil Service Commission's interpretation of its own regulation, which this court embraces, requires that the District of Columbia show more than some nexus between its height regulation and physical strength. First, the District must show, as explicitly required by the regulation, that the height standard has been professionally developed. And second, the District must show a rational relationship between the job qualification and job performance. According to both the United States Court of Appeals for the District of Columbia and the Civil Service Commission, this requires the defendant to show more than some state interest in preserving its regulation. In my opinion, Section 300.103 compels me to enjoin the District of Columbia from excluding, solely on the basis of height, applicants for positions in the fire department, unless the District of Columbia has shown a significant, substantial governmental interest in its height requirement.

█ In support of its opposition to the plaintiff's Motion for Summary Judgment the District of Columbia has submitted only two letters. The first, written in 1946 by the chairman of the Board of Police and Fire Surgeons, justifies the height requirement primarily by arguing that taller policemen are "more respected" and that short policemen have on several occasions received "considerable physical injury" inflicted by "individuals arrested for infraction of the law."[13] Any merit which this argument ever had is obviated by the police department's recent action lowering the height requirement to 5'0".[14] Moreover, these considerations —community respect engendered by height and physical strength necessary to arrest unruly individuals—while arguably relevant to predicting job performance of applicants to the police department, are no basis for disqualifying an applicant to the fire department who

9. U. S. Civil Service Commission Board of Appeals and Review (Nov. 13, 1972).

10. *Id.* at 6.
   The Commission also relied on 5 C.F.R. § 300.103(c) providing that an employment practice shall not discriminate on the basis of sex, since the Park Police physical requirements disqualified approximately 98% of American women and only 50% of American men. *Id.* Plaintiffs make a similar argument based on a showing of disparity of effect on the two sexes. Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment, p. 5.
   In view of my finding that the practice violates § 300.103, it is unnecessary to reach the issue of whether plaintiff also has shown a constitutional violation on the basis of sex discrimination. See note 3, *supra*, and accompanying text.

11. The Supplement's purpose is to make sure that every proposed standard meets the requirements of Subpart A, Employment Practices of part 300. FPM Supplement 271–1, p. 3.

12. *Id.* at 7.

13. Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment, Exhibit A.

14. Commissioner's Order 73–102, 19 D.C. Register 943 (1973).

is rarely threatened with physical injury by another person.

The second letter [15] cited by the Corporation Counsel was written by the Chief Engineer of the fire department and merely summarized the first letter. It requires no discussion.

Although the regulation places on the District of Columbia the burden of showing that the height requirement was professionally developed, the city has not even attempted to make this showing. Accordingly, the Court can only conclude that no professional input was involved in developing the job qualification.[16]

Moreover, the height requirement is not rationally related to job performance. While there may be a mathematical relationship between height and the legitimate job qualification of strength, the city has shown no significant state interest in the job requirement. The Civil Service Commission in the *Shirley Long* case rested its legal conclusion on the finding that the record there did "not demonstrate that only individuals who meet the height/weight standard in question can satisfactorily perform the duties" [17] of a park officer. It would be an understatement to make a similar finding here. Here the District has declined to explain its refusal to test the strength and agility of fire department applicants by a strength and agility test; [18] moreover, the city has not even shown that the qualification is rational.[19] Rather the city has merely asserted that there is some relationship between the job qualifications and job performance. It is exactly bare unsupported job qualifications such as this for which the Civil Service regulation was implemented. Since the District of Columbia's height requirement unfairly and arbitrarily excludes persons under 5'7'' from employment in the District of Columbia Fire Department, in violation of the Civil Service Commission Regulation contained in 5 C.F.R. § 300.-103, this court grants the Plaintiff's Motion for Summary Judgment.

It is so ordered.

---

15. Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment, Exhibit B.

16. The city has admitted that the height requirement is not based on any scientific, analytical or statistical study. Plaintiff's Statement of Material Facts As To Which There Is No Genuine Issue ¶¶ 4 & 5; February 7, 1973 Answers to Plaintiff's Interrogatories 3, 9 & 11.

17. In Re Shirley Long, *supra* at 5.

18. The city has admitted that it relies on no scientific, analytical or statistical study in support of its height requirement. Answer 11 to Plaintiff's Interrogatories of February 7, 1973.

19. The city has also admitted that it does not contend that there are no persons shorter than 5'7'' who can perform the duties of a fireman. Answer 12 to Plaintiff's Interrogatories of February 7, 1973. The city's answer and this court's conclusion are also supported by the practice in at least 65 other jurisdictions which either have no height requirement or have a minimum requirement less than that of the District. Plaintiff's Statement of Material Fact As To Which There Is No Genuine Issue, ¶¶ 10 & 11.

In fact there are two situations where the District allows persons under 5'7'' to fight fires in this city. First, the city retains a firefighter under 5'7'' who is mistakenly hired and completes the one year probationary period. Opinion Corporation Counsel, August 12, 1971 (Exhibit 4 to Plaintiff's Motion for Summary Judgment). Second, the city has entered into personnel exchange agreements with Fairfax and Montgomery Counties, which both have height requirements under 5'7''. 4 D.C.Code § 414 (1973); Answer to Plaintiff's Second Set of Interrogatories, #2, May 29, 1974; Plaintiff's Statement of Material Facts As To Which There Is No Genuine Issue, ¶ 9.