**Darnell R. BRADFORD, Petitioner,**

v.

**D. C. HACKER'S LICENSE APPEAL BOARD, Respondent.**

No. 13024.

District of Columbia Court of Appeals.

Argued Nov. 7, 1978.

Decided Jan. 12, 1979.

Kenneth H. Thompson, (law student counsel), and Robert S. Catz, Antioch School of Law, Washington, D. C., for petitioner. John P. Sizemore, Supervising Atty., Washington, D. C., was on the brief, for petitioner.

Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before NEWMAN, Chief Judge, and KERN and GALLAGHER, Associate Judges.

NEWMAN, Chief Judge:

Petitioner seeks review of a decision of the Hacker's License Appeal Board denying his application for a hacker's license on the ground that at the time of the filing of his application, he was on parole following a conviction of robbery. Petitioner challenges the constitutionality of subsection 10.202(b) of the Motor Vehicle Regulations, the applicable regulation which authorizes the Public Vehicles Division of the Department of Transportation to disqualify certain applicants for a hacker's license on the basis of their parole status. We affirm.

Petitioner was convicted of robbery and unauthorized use of a vehicle on January

---

5. We also have examined the other issue raised by appellant and find it to be without merit.

17, 1969. He was sentenced to serve a term of imprisonment of four years and two months to twelve years and six months. On November 3, 1972, petitioner was placed on parole, with his parole term ending on January 14, 1981. On March 25, 1977, the Public Vehicles Division of the Department of Transportation denied petitioner's application for a hacker's license, relying on § 10.202(c), which disqualifies certain applicants for a hacker's license who have within three years of the filing of their application, served any part of a sentence for an enumerated class of offenses.[1] Petitioner appealed this ruling to the Hacker's License Appeal Board. Following a hearing, the Board affirmed the denial of petitioner's application, but based its decision on subsection 10.202(b),[2] rather than subsection 10.202(c). This petition for review followed.

▮ Petitioner contends that § 10.202(b) does not satisfy the requirements of due process in that the provision precludes applicants otherwise falling within its prohibition from establishing at a hearing that they presently possess the necessary fitness for a hacker's license. We disagree. A state may regulate those professions and occupations that affect the public interest without contravening the due process clause so long as the regulations are rationally related to the achievement of legitimate goals. *Debruhl v. District of Columbia Hacker's License Appeal Board*, D.C.App., 384 A.2d 421 (1978), citing *Goldsmith v. Clabaugh*, 55 App.D.C. 346, 6 F.2d 94 (1925). In *Debruhl*, the petitioner challenged the constitutionality of § 10.202(c) of the Motor Vehicle Regulations making the same contention as alleged by petitioner herein. There we stated:

Hackers pursue their employment without close supervision and maintain direct and personal contact with the general public, which must necessarily rely upon the District's certification of fitness. It is not unreasonable to evaluate the character of potential licensees with regard to trustworthiness and to view certain types of prior convictions of relatively recent occurrence as establishing a lack of moral integrity. [*Id.* at 426. *See also Richards v. District of Columbia Hacker's License Appeal Board*, D.C.App., 357 A.2d 439, 441 (1976).]

We hold that § 10.202(b) which bars persons on parole who were convicted of certain designated offenses, no less than the regulations at issue in *Debruhl*, is rationally related to the legitimate goal of securing safe public transportation.

▮ Petitioner further contends that § 10.202(b) is violative of due process in that it establishes an irrebuttable presumption which assumes that all parolees to which that section applies, are not of good moral character. However, it is well settled that a state can undertake prophylactic measures that provide administrative economy in their attempt to respond to an otherwise legitimate goal, without running afoul of the due process clause. *See Debruhl v. District of Columbia Hacker's License Appeal Board, supra* at 426. We are not unaware of the impressive parole record of the petitioner at bar. He has exhibited in his work an attitude that is both public spirited and altruistic. How-

---

1. The pertinent provisions of the regulations are as follows:

    Section 10.201—WHAT PERSONS SHALL NOT BE LICENSED. The Department shall *not* issue any license hereunder—

      \*     \*     \*     \*     \*     \*

    (11) To any person who, under the judgment of the Director, is not of good moral character, *under the standards laid down in* Section 10.202.

    Section 10.202—GOOD MORAL CHARACTER: MINIMUM STANDARDS. An applicant *shall not be considered of good moral character if*—

      \*     \*     \*     \*     \*     \*

    (c) He has, within the three years immediately preceding the filing of his application been convicted of, or during such period has served any part of a sentence for—

    (1) \* \* \* robbery \* \* \* [32 DCRR §§ 10.201–10.202]

2. The pertinent parts of § 10.202(b) read as follows:

    (b) He is on parole or probation at the time of the filing of his application for a license

ever, the sole issue before this court is the constitutionality of the challenged regulation. As the Supreme Court stated:

[t]he question is whether Congress, its concern having been reasonably aroused by the possibility of an abuse which it legitimately desired to avoid, could rationally have concluded both that a particular limitation or qualification would protect against its occurrence, and that the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule. [*Weinberger v. Salfi*, 422 U.S. 749, 777, 95 S.Ct. 2457, 2472, 45 L.Ed.2d 522 (1975).]

The *wisdom* of as distinguished from the *constitutionality* of such a regulation is not for this court to determine.

*Affirmed.*