Linten McGARVEY

v.

**DISTRICT OF COLUMBIA, District of Columbia Fire Department, Walter E. Washington, Burton W. Johnson.**

**Civ. A. No. 78–256.**

United States District Court, District of Columbia.

March 30, 1979.

Michael C. Harper, Herbert Semmel, Center for Law and Social Policy, Washington, D. C., for plaintiff.

Hugh O. Stevenson, Asst. Corp. Counsel, Washington, D. C., for defendant.

## OPINION

JOHN LEWIS SMITH, JR., District Judge.

Plaintiff Linten McGarvey has filed this class action seeking a declaration that defendants' application of 1 D.C. Code § 316, authorizing the exclusion of convicted felons from public employment, is a violation of the Comprehensive Training Act of 1973 (CETA) (29 U.S.C. § 845(c)(18)), the Rehabilitation Act of 1973 (29 U.S.C. § 794), United States Civil Service Commission Regulations (5 C.F.R. §§ 300.101 and 300.-103), and the Due Process clause of the Fifth Amendment. Plaintiff has requested also that this Court enjoin the application of 1 D.C. Code § 316 and grant plaintiff back pay. The matter is now before the Court on defendants' motion to dismiss, or in the alternative, for summary judgment and on plaintiff's cross motion for summary judgment.

During 1972–1973, plaintiff, a Virginia resident, was convicted on three occasions of drug offenses. In 1974 plaintiff was convicted of armed robbery and placed on probation on condition that he complete the Second Genesis program for drug addicts. Plaintiff was certified in 1977 by the Civil Service Commission as eligible for the position of emergency ambulance service technician, GS–4–87 T.P., at an annual salary of $8316. The District of Columbia Fire Department subsequently notified plaintiff that they were rejecting his application pursuant to 1 D.C. Code § 316 on the basis of his previous felony conviction. This decision was affirmed by the Director of Personnel of the District of Columbia's denial of plaintiff's request for approval under § 1–316.

Defendants challenge plaintiff's claim that this court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343(4) and 42 U.S.C. § 2000e–5(f)(3). The Court looks first to plaintiff's assertion of federal question jurisdiction under 28 U.S.C. § 1331 and is satisfied that plaintiff's complaint involves a controversy arising under the Constitution and laws of the United States and an amount, as measured by the injury to be prevented by the requested relief, in excess of $10,000. *See, Opelika Nursing Home, Inc. v. Richardson,* 448 F.2d 658 (5th Cir. 1971). Because the requirements of federal question jurisdiction have been met, it is not necessary to consider independently the existence of jurisdiction under each of plaintiff's remaining allegations.

The code provision at issue reads in pertinent part as follows:

Except upon the written approval of the Mayor, or of an official or officials of the District acting pursuant to rules and regulations issued by the Mayor, no person who has been convicted of a felony in the District of Columbia or of an offense in any other jurisdiction which, if committed in the District would be a felony, shall be employed in or by the government of the District of Columbia or any agency thereof.

1 D.C. Code § 316 (1973). District of Columbia Personnel Manual, Chapter 8, Section E, promulgated in 1973 and amended in 1976, advocates a policy of hiring rehabilitated offenders and provides that a convicted felon may be employed where application of the following factors shows that the applicant is suitable for the position sought: (1) nature and seriousness of the offense; (2) circumstances under which the offense occurred; (3) amount of time which has passed since the commission of the offense; (4) age of the person when he committed the offense; (5) whether the offense was an isolated or repeated violation; (6) social condition which may have contributed to the offense; (7) any evidence of rehabilitation; (8) the kind of position for which the applicant is applying; and (9) the requirements of the position sought.

■ A classification based on a criminal record is not a suspect classification which requires rigid scrutiny by the Court to determine if equal protection under the law is available; nor is there a fundamental right to government employment requiring a compelling state interest to justify denial of employment. Thus, Congress may regulate professions which affect the public interest so long as the regulation rationally furthers a legitimate state purpose or interest. *Upshaw v. McNamara*, 435 F.2d 1188 (1st Cir. 1970); *Bradford v. D. C. Hacker's License Appeal Board*, D.C.App., 396 A.2d 988 (1978). *See, also, San Antonio School v. Rodriquez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). It is clear that the rationale for the code provision as applied to plaintiff is to insure that those persons publicly employed to aid persons in emergency situations are sober and alert and possess character qualities such as honesty, integrity, reliability and obedience to the law. *See, Upshaw v. McNamara, supra* at 1190; *Bradford v. D. C. Hacker's License Appeal Board, supra.* Congress may enact prophylactic measures such as § 1–316, to achieve an otherwise legitimate goal, without violating the due process clause. *Weinburger v. Salfi*, 422 U.S. 749, 777, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

■ The challenged code provision, as implemented by the personnel manual is not violative of equal protection, nor does it create an irrebuttable presumption in violation of the Fifth Amendment. Further, the undisputed evidence establishes that defendants considered the relation between plaintiff's criminal record and the position sought, and the overall determination of plaintiff's eligibility was made in substantial compliance with chapter 8, section E. Thus, plaintiff's constitutional rights were not violated by defendants' refusal to hire him under § 1–316.

■ Plaintiff is not a resident of the geographical area served by the District of Columbia as required under the C.E.T.A. program, 29 U.S.C. § 823(a) (1978), nor has he alleged that he applied for employment under such a program. Thus, he has failed to allege an injury in fact within the zone of interest protected by the statute. Plaintiff lacks standing to raise the claim that § 1–316, as applied to him, raises an artificial employment barrier in violation of 29 U.S.C. §§ 801 *et seq.* and regulations promulgated thereunder. *See, Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

■ The Rehabilitation Act of 1974, 29 U.S.C. § 794, does not prohibit consideration of a criminal record in determining suitability for employment. Further, the evidence establishes that defendants considered other factors related to plaintiff's qualifications to perform as an ambulance technician and did not violate this Act by refusing to hire

him solely on the basis of his drug addiction. *See, Davis v. Bucher*, 451 F.Supp. 791, 797 n.4 (E.D.Pa.1978).

The Civil Service Commission's regulations at 5 C.F.R. §§ 731.202 *et seq.* clearly contemplate that a criminal record or a history of drug or alcohol addiction bears a rational relation to suitability for federal employment. The Court gives great weight to the Commission's own use of these criteria in finding that application of § 1–316 and chapter 8, section E, to plaintiff does not discriminate against him on a non-merit basis within the purview of 5 C.F.R. § 300.-103. *See, Fox v. Washington*, 396 F.Supp. 504 (D.D.C.1975).

Accordingly, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted.