871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mack QUARRELS, Jr., Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Debbie Negri; James Taylor, Defendants-Appellees.
 No. 88-2071.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Mack Quarrels, Jr., a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Quarrels, who is presently incarcerated in a Michigan prison, filed this suit against the defendants, Michigan Department of Corrections officials, alleging they violated his right to equal protection of the law when they refused to hire him because of his past criminal record. Quarrels sought monetary, declaratory and injunctive relief. The district court ultimately entered summary judgment for the defendants finding they were entitled to judgment as a matter of law because the defendants' practice of scrutinizing plaintiff's past criminal history was rationally related to the state's legitimate goal of hiring trustworthy individuals as corrections officers.
 
 
 3
 The district court properly dismissed the complaint. There is no inherent or fundamental right to employment as a corrections officer. See Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 313 (1976) (per curiam). Nor, are ex-offenders considered a suspect class. See Miller v. Carter, 547 F.2d 1314, 1321 (7th Cir.1977) (per curiam), aff'd, 434 U.S. 356 (1978) (per curiam); Upshaw v. McNamara, 435 F.2d 1188, 1190 (1st Cir.1970). As such, the equal protection clause requires only that the challenged classification be rationally related to a legitimate state interest. See Murgia, 427 U.S. at 314; Darks v. City of Cincinnati, 745 F.2d 1040, 1042-43 (6th Cir.1984). Upon review, we conclude that Quarrels' equal protection rights were not violated because the defendants' refusal to hire him because of his past criminal history was rationally related to the state's legitimate interest in hiring stable, trustworthy individuals as corrections officers. The decision not to hire Quarrels also did not violate any of his liberty interests guaranteed him under the Constitution.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.