## COOKE v. BOARD OF EDUCATION et al.

### No. 9402.

United States Court of Appeals
District of Columbia.

Argued March 12, 1947.

Decided April 7, 1947.

Mr. Leonard S. Hayes, of Washington, D. C., with whom Mr. Frank D. Reeves, of Washington, D. C., was on the brief, for appellant.

Mr. Chester H. Gray, of Washington, D. C., Principal Assistant Corporation Counsel, D. C. with whom Messrs. Vernon E. West, Corporation Counsel, D. C., and Edward A. Beard, Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices

GRONER, C. J.

Appellant is a teacher in the public school system of the District of Columbia. His appointment was made permanent on March 26, 1942. In May, 1944, he requested leave of absence in order to teach illiterate soldiers at an army camp in Maryland. Such service was officially recognized by the school authorities as "vital to the National Defense and the War Effort," and leave of absence was granted June 4, 1944, to expire June 30, 1944. This was later extended to June 30, 1945. In both instances it was optional with the school authorities whether to grant or to refuse. During appellant's absence he received no salary from the School Board and his school duties were discharged by a substitute. His services at the army camp ended in October, 1944, and in November, 1944, appellant returned to his school work. He was absent for only twenty-six days in the fiscal year 1943-44. The record here shows that appellant was awarded credit by the school authorities for teaching experience as an instructor at the army camp, and this credit under the statute entitled him to additional consideration in his subsequent advancement in the system, precisely as would have been the case if the credit were earned for school teaching.

The question for decision here is whether, during his leave of absence, he retained his status as a "permanent teacher" in the District of Columbia school system. The question arises by reason of a statute of the District of Columbia which provides that "On the first day of each fiscal year [July 1], if his work is satisfactory, every permanent teacher, * * * shall receive an annual increase in salary within his salary class or position as provided in section 31—621 without action of the Board of Education." [1]

---

[1] 43 Stat. 373 (1924), 31 D.C.Code § 626 (1940).

The companion section referred to in the above quoted statute is a provision for classification and assignment of teachers in the system, and in the concluding part thereof provides—

"* * * That in crediting experience in teaching of any person who has been absent from his duties as a teacher because of military service the said board is hereby authorized to include naval, military, *or other service with the armed forces of the United States Government* or its allies as the equivalent of teaching experience * * *" [2]. (Italics added.)

If appellant had taken no leave of absence and had continued in his teaching job until July 1, he would, under the provisions of § 31—626, as both sides agree, have been entitled to an automatic increase of $100.00 a year in salary and certain other rights affecting promotions, etc. The Auditor of the District, however, denied him this increase in pay on the ground that having assumed the teaching job with the armed forces prior to July 1, he was not on that date "permanently" employed. The District Court of the United States sustained the Auditor in this regard. We are of opinion that the Auditor and the District Court incorrectly decided the question.

The argument here on behalf of the Board is that the phrase "if his work is satisfactory," used in § 31—626 for the purpose of determining whether a teacher is entitled to the benefit of the automatic longevity salary increase, connotes active employment upon a pay status in the public school system on the date on which the salary increase is to take effect. We are wholly unable to follow this argument, and it appears much more reasonable and logical to conclude that the real test is whether on that date the person concerned occupies the position of a permanent and satisfactory employee of the system. This seems to us obvious from the fact that otherwise a teacher on a five-day sick or other leave covering the critical date would be excluded from the benefits of the statute, and this is absurd on its face, and, of course, has never been so considered by the school authorities.

As the case appears to us, appellant was throughout his leave of absence permanently employed as a teacher in the District Public Schools. He had gone through his probationary service and his permanent rank was established by law and carried with it various rights appurtenant to that status. One of these rights was to have sick leave for thirty days with reduced pay, and for longer than thirty days, with approval of the authorities, without pay. It was this latter right that appellant exercised, not in private employment, as is suggested by counsel for the Board, but in the service of his Country, and this with the specific finding by the Board that the work to which he temporarily transferred was vital to the national defense in a time of war and, in accordance with § 31—621 (q), that was also recognized as the equivalent of "teaching experience" for grading purposes under the school system. The arrangement between himself and the Board definitely contemplated that during the discharge of this duty his school status—except as to pay—would continue undisturbed, and precisely all of this happened, except that his statutory right to his earned promotional increase in salary was denied because the first day of the fiscal year happened to fall on a day during his leave of absence. We have found no case in point and counsel tell us there is none, but in the circumstances we have detailed we have no hesitation in holding that the term "permanent," as used in the statute, is to be distinguished from "probationary"; that the leave of absence granted, far from vacating his permanent status, should be considered as preserving it and as entitling him, on his resumption of duty, to his legal rights and privileges undiminished by his temporary absence. We think this interpretation follows logically from § 31—619 where the "probationary tenure" of the teacher is contrasted with his "permanent appointment." The next reference to "permanent" in the statute is in § 31—626, the section in question, and in our opinion this latter section must be read in light of the previous use of the same word.

Reversed and remanded for further proceedings in accordance with this opinion.

---

[2] 43 Stat. 372(1924), 31 D.C.Code § 621(q) (1940).