395 A.2d 59 (1978)
In the Matter of A. B., Jr., Appellant.
No. 13069.
District of Columbia Court of Appeals.
Argued October 10, 1978.
Decided November 21, 1978.
*61 Wallace J. Mlyniec, appointed by this court, for appellant.
David P. Sutton, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee.
Before NEWMAN, Chief Judge, and KERN and YEAGLEY, Associate Judges.
KERN, Associate Judge:
The trial court adjudged the juvenile in this case guilty of disorderly conduct. The evidence presented at the factfinding hearing was that police officers kept his two companions and him under observation for a period of time while they engaged in actions of a suspicious nature inside certain downtown stores. Ultimately, they commenced following a woman who carried her purse on a long shoulder strap to a bus stop on 12th Street, N.W. When she stepped onto the bus from among a group of people at the stop, each of appellant's two companions pushed against her from either side and appellant placed his hand on the woman's purse. The officers intervened and arrested the trio.
Appellant contends that the portion of the statute with which he was charged and of which he was found guilty did not give him "fair warning of what conduct is prohibited by its terms" and fails to provide "police officers, judges, and juries sufficient, objective standards by which they can determine whether the law has been violated." (Brief at 3.) He urges, therefore, that this statute, viz., D.C.Code 1973, § 22-1121(4), is "incapable of providing fair notice and susceptible to arbitrary enforcement. As such, it must be held to be void for reasons of vagueness and a violation of the Fifth Amendment's guarantee to due process of law." (Brief at 12.)
The statute at issue provides in pertinent part:
Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby 
* * * * * *
(4) interferes with any person in any place by jostling against such person or unnecessarily crowding him or by placing a hand in the proximity of such person's pocketbook, or handbag . . . shall be fined not more than $250 or imprisoned not more than ninety days, or both. [D.C.Code 1973, § 22-1121(4).]
The Supreme Court has reminded us that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Only a statute that proscribes "no comprehensible course of conduct at all . . . may not constitutionally be applied to any set of facts." United States v. Powell, 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975).[1]See In re R.F.H., D.C.App., 354 A.2d 844, 846 (1976). Since appellant does not assert any abridgement of First Amendment rights here or attack D.C.Code 1973, § 22-1121(4) as applied to the particular conduct for which he was adjudicated guilty, the particular statutory provision he challenges must fall only if no comprehensible course of conduct is prohibited by its terms. See United States v. Powell, supra at 92, 96 S.Ct. 316.
A plain reading of the terms of Section 22-1121(4) indicates that they do put a reasonable person on notice that certain specified behavior is deemed criminal. Section *62 22-1121(4) describes the type of disorderly conduct it intends to punish in terms of three different acts which constitute the proscribed activity. By circumscribing the prohibited conduct in this manner, Section 22-1121(4) does achieve the particularity and clarity of language required of criminal statutes by United States v. Powell, supra.
Section 22-1121(4) in our view describes the conduct it proscribes with words that have common meaning and thereby indicates with sufficient specificity the conduct it wishes to reach so as to permit its application to the facts of the instant case.
The phrase "jostling against," which is one way the Congress has specified in subsection (4) a defendant may interfere with any person so as to occasion a breach of the peace, has an established objective meaning. The American Heritage Dictionary of the English Language 707 (1969), lists several meanings of "jostle," including: "1. To come in contact or collide; knock or push together. 2. To make one's way by pushing or elbowing. . . ."[2]Webster's Dictionary, 3d Ed. (1967), defines "jostle" as "to bump or push, as in a crowd; to elbow or shove roughly." Both definitions indicate that "jostling against" as used in D.C.Code 1973, § 22-1121(4), contemplates a rough physical touching of one individual by another.
So, too, the statute's prohibition against placing a hand in the proximity of a person's pocketbook or handbag is conduct readily understood and comports with the legislative intent to prevent pickpocketing by means of physically touching and then stealthily snatching the purse or pocketbook from the victim. The legislative history of this statute states that D.C.Code 1973, § 22-1121(4), was based on a similar disorderly conduct provision since repealed in the New York Penal Code. See H.R.No. 514, 83d Cong., 1st Sess. (1953); 1923 N.Y. Laws, ch. 642, § 1. Since that New York provision had been judicially recognized prior to the enactment of D.C.Code 1973, § 22-1121 as being directed at pickpocketing and related misconduct, People v. Albo, 139 Misc. 852, 250 N.Y.S. 167, 169 (Ct.Spec. Sess.1931), an inference can be made that Congress intended a like operation for Section 22-1121(4).
In sum, we deem the statutory language and history, taken together, provide potential defendants with sufficient notice and police and courts with adequate standards concerning what conduct is proscribed, viz., touching a person with intent to take that person's pocketbook or handbag and contents.[3] Consequently, Section 22-1121(4) does prohibit a "comprehensible course or conduct" and hence may be applied to the facts of the instant case. United States v. Powell, supra.[4]
We conclude upon examination of the record there was substantial evidence to support the court's finding of guilty. The record reflects that three persons, including appellant, acted in concert and pushed against the intended victim from either side and at the same time reached for and *63 touched her pocketbook. Accordingly, the judgment is
Affirmed.[5]
NOTES
[1] Examples of statutes that describe proscribed conduct in such general terms as to proscribe no conduct at all are cited by this court in District of Columbia v. Walters, D.C.App., 319 A.2d 332, cert. denied, 419 U.S. 1065, 95 S.Ct. 650, 42 L.Ed.2d 661 (1974).
[2] The origin of the word "jostle" was from Middle English "justlen," meaning to come against in combat.
[3] The construction we give the statute identifies authoritatively the conduct forbidden in subsection (4) and provides a "narrowing interpretation." See Wainwright v. Stone, 414 U.S. 21, 23, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973); In re R.F.H., supra. We recognize that the term "unnecessarily crowding" in D.C.Code 1973, § 22-1121(4) is ambiguous in that its meaning depends on the sensibility of some third person. Such subjectivity was troublesome to the Supreme Court in Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). It appears, though, that the kind of physical contact that the phrase "unnecessarily crowding" was intended to describe is already covered by the part of subsection (4) that proscribes "jostling against." The term "unnecessarily crowding" is therefore superfluous and may be regarded as mere surplusage.
[4] We acknowledge that a United States District Court's decision is to the contrary in Kirkwood v. Loeb, 323 F.Supp. 611 (W.D.Tenn.1971). We are not persuaded by that court's conclusory assertion that the phrase "jostle against" contained in the statute there under challenge was without objective meaning.
[5] We view without merit appellant's contention that the petition charging him with the offense failed to allege essential facts under Section 22-1121(4). The petition was quite specific as to what appellant was alleged to have done, viz., jostling against another and placing a hand in the proximity of that other's handbag. Horowitz v. District of Columbia, D.C.App., 291 A.2d 202 (1972), which appellant cites to us in support of his contention, is distinguishable since the charging petition there used such "general" words as to raise reasonable doubt as to the exact misconduct charged.