**Loumis S. TAYLOR, Petitioner,**

v.

**James R. MONTGOMERY, III, Acting Superintendent of Insurance, Respondent.**

**No. 14249.**

District of Columbia Court of Appeals.

Argued Feb. 14, 1980.

Decided April 14, 1980.

Lewis M. Milford, Washington, D. C., with whom Margaret G. Gold, Washington, D. C., was on the brief, for petitioner.

Judith W. Rogers, Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., were on the brief for respondent.

Before NEWMAN, Chief Judge, and GALLAGHER and PRYOR, Associate Judges.

NEWMAN, Chief Judge:

This is a petition for review of a decision of the District of Columbia Superintendent of Insurance, denying petitioner's application for licensure as a life insurance solicitor pursuant to D.C.Code 1973, § 35–425. That section in pertinent part provides that "the superintendent of insurance [must be] reasonably satisfied that an applicant is a trustworthy person" before he may grant such person a license to solicit insurance in the District of Columbia. Petitioner now contends that the rejection of his application for licensure violated due process, because the statutory standard of "trustworthy" is void for vagueness. In addition, petitioner argues that his disqualification on the basis of his two previous criminal convictions and his status as a parolee, has no rational relationship to the purpose of the Act. We find petitioner's contentions without merit and affirm the Superintendent's decision.[1]

I

In July of 1977, petitioner applied for an insurance solicitor's license from the District of Columbia Department of Insurance in accordance with D.C.Code 1973, § 35–425. In answer to a question on the application form concerning previous criminal convictions, petitioner disclosed that in 1968 he had been convicted of petit larceny and in 1973 of receiving stolen property. On October 27, 1978, Superintendent of Insurance, Maximillan Wallach, presided at a hearing to evaluate petitioner's original application for licensure. At the time of the hearing, petitioner was still on parole as a result of a two- to six-year sentence from the receiving stolen property conviction. At the hearing, petitioner presented evidence of his rehabilitation subsequent to his criminal convictions. His application for a license was denied.[2]

1. Petitioner also contends that the Superintendent made insufficient findings of fact and failed to clearly articulate his reasons for denying the licensure application. We find these arguments to be without merit.

2. The decision of the Superintendent reads in pertinent part:

2. The application for solicitor's license contained a question requesting information as to any convictions for offenses against the laws of the District of Columbia, the United States Government, or any other jurisdiction. Respondent listed one conviction in 1973 for receiving stolen property for which he was sentenced from two to six years and another conviction in 1968 on charges of petit larceny for which respondent was placed on one year's probation.

&ast; &ast; &ast; &ast; &ast; &ast;

## II

A statute, in order to survive a vagueness challenge must be sufficiently specific to insure adequate notice to affected parties and provide a "comprehensible normative standard" by which to evaluate behavior. *Coates v. City of Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971); *Willcher v. United States,* D.C. App., 408 A.2d 67 (1979); *see, e. g., Parker v. Levy,* 417 U.S. 733, 752, 94 S.Ct. 2547, 2559, 41 L.Ed.2d 439 (1974), *quoted in District of Columbia v. B. J. R.,* D.C.App., 332 A.2d 58, 60, *cert. denied,* 421 U.S. 1016, 95 S.Ct. 2425, 44 L.Ed.2d 685 (1975). While the Due Process Clause of the Fifth Amendment does not require an explicit enumeration of every type of conduct to which the statute may apply, *Jordan v. De George,* 341 U.S. 223, 231, 71 S.Ct. 703, 707, 95 L.Ed. 886 (1951); *United States v. Petrillo,* 332 U.S. 1, 7, 67 S.Ct. 1538, 1541, 91 L.Ed. 1877 (1947), the legislation must not be so indefinite that persons of "common intelligence must necessarily guess at its meaning and differ as to its application . . . ." *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926), *quoted in Willcher v. United States, supra,* at 73; *see also District of Columbia v. Gueory,* D.C.App., 376 A.2d 834, 839 (1977); *Moore v. United States,* D.C.App., 306 A.2d 278, 281 (1971). Thus a statute is not void for vagueness merely because a standard could have been articulated in "[c]learer and more precise language", *United States v. Petrillo, supra,* 332 U.S. at 7, 67 S.Ct. at 1541, *quoted in United States v. Powell,* 423 U.S. 87, 94, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975), so long as it comports with a "rough idea of fairness." *Colten v. Kentucky,* 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972).

The Supreme Court in addressing the "void for vagueness" issue has interpreted various statutes and provided a framework in which to apply the doctrine. Specifically, "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975), *quoted in Willcher v. United States, supra* at 73; *In re A. B., Jr.,* D.C.App., 395 A.2d 59, 61 (1978). A petitioner may not challenge a provision merely because he can hypothesize other situations in which the legislation might be misapplied, or fail to yield adequate notice if, in

13. By order dated January 3, 1978, of the D.C. Board of Parole, respondent was released from further supervision prior to the maximum expiration date of the sentence. The Order specified that such action in no way releases respondents from custody of the Attorney General or the jurisdiction of the Board of Parole before the maximum date of sentence imposed by the Court which is October 18, 1979.

14. Respondent's past record indicates a pattern of larcenous and property offenses.

15. Notwithstanding respondent's very good work record, he apparently has generally been unstable and manipulative.

*Conclusions of Law*

D.C.Code, Section 35–425, 1973 edition, as amended, provides that the Superintendent of Insurance must be reasonably satisfied that an applicant for an insurance license is a trustworthy person before he may grant such person a license to solicit insurance in the District of Columbia.

D.C.Code, Sec. 35–426, 1973, edition, specifies conviction of a felony as one ground for revocation of a solicitor's license, and thus is considered evidence of untrustworthiness for purposes of licensure under Sec. 35–425. Conviction of a felony is not always grounds for disqualification for licensure by the Department of Insurance; such factors as the number and character of the offenses and the age of the convictions are considered relevant in determining the weight to be given the applicant's past record in assessing his present character.

*Decision and Order*

[I]t is the decision of the Acting Superintendent of Insurance that, although Loumis S. Taylor has presented evidence of ambition as well as high standards of job performance, his record nevertheless indicates a pattern of larcenous offenses rather than a single isolated incident. Further, respondent remains under the jurisdiction of the District of Columbia Board of Parole until completion of his sentence on October 18, 1979. It is, therefore, concluded that respondent has not made a reasonable showing that he is a trustworthy person in satisfaction of the requirement of D.C.Code, Section 35–425, 1973 edition. . . .

fact, he falls squarely within the terms and reach of the provision. *United States v. Powell, supra; Parker v. Levy, supra,* 417 U.S. at 756–57, 94 S.Ct. at 2562; *Broadrick v. Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2914, 37 L.Ed.2d 830 (1973); *United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960); *Willcher v. United States, supra; In re A. B., Jr., supra; Leiss v. United States,* D.C.App., 364 A.2d 803, 807, *cert. denied,* 430 U.S. 970, 97 S.Ct. 1654, 52 L.Ed.2d 362 (1976).[3] Thus, in the present case, the validity of the insurance statute must not be assessed in the abstract, but in light of its application to the petitioner.

The record in this case indicates that the Superintendent of Insurance denied petitioner's application for a solicitor's license in major part on the basis of two previous convictions, one of which was for a felony. Therefore, in determining whether D.C. Code 1973, § 35–425 is vague as applied to petitioner, we must consider whether or not the petitioner had sufficient notice that his convictions could be used to deny his application, and whether the enunciated standard of "trustworthiness" was sufficiently definite so as to avoid an unfettered exercise of discretion. *Broadrick v. Oklahoma, supra* 413 U.S. at 607, 93 S.Ct. at 2913; *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972); *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Interstate Circuit v. Dallas,* 390 U.S. 676, 684–85, 88 S.Ct. 1298, 1303, 20 L.Ed.2d 225 (1968).

D.C.Code 1973, § 35–425 provides that the Superintendent of Insurance shall not grant a solicitor's license unless he is satisfied that the applicant is "trustworthy." The very next section of the statute, § 35–426, entitled "Suspension or revocation of license—Grounds for—Hearing—Penalty", utilizes the term "untrustworthy" and elaborates its meaning. That section in pertinent part provides:

> The Superintendent of Insurance may suspend or revoke the license of any life insurance general agent, agent solicitor, or broker when and if, after investigation, it appears to the Superintendent that . . . Such person . . . [has engaged in any of a variety of activities reflecting dishonesty or breach of fiduciary obligations] . . . or has been convicted of a felony; or has otherwise shown himself untrustworthy or incompetent to act as a life insurance general agent, agent solicitor, or broker.

Respondent argues that §§ 35–425 and –426 should be read in conjunction with one another, so that a felony conviction may be considered as evidence of untrustworthiness not only when ruling on a license revocation but when reviewing an original application for licensure.

■ In accordance with the principles of statutory construction, it is well established that a statute should not be read in isolation from the entire context of the legislation, *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *State Highway Commission of Missouri v. Volpe,* 479 F.2d 1099, 1111–12 (8th Cir. 1973) (*applying Richards v. United States, supra*); *United States v. Brown,* 536 F.2d 117, 121 (6th Cir. 1976); *American Pharmaceutical Association v. Weinberger,* 377 F.Supp. 824 (D.D.C.1974), *aff'd,* 174 U.S.App.D.C. 202, 530 F.2d 1054 (1976). In *Richards v. United States, supra,* the Supreme Court explained:

> We believe it is fundamental that a section of a statute should not be read in isolation from the context of the whole Act, and that in fulfilling our responsibility in interpreting legislation, 'we must not be guided by a single sentence or member of a sentence, but [should] look

---

**3.** Despite this general proposition, it has been held that a petitioner may challenge a statute which circumscribes conduct protected by the First Amendment, even though it may be validly applied to him. *See Broadrick v. Oklahoma, supra* 413 U.S. at 611–13, 93 S.Ct. at 2915–16; *Gooding v. Wilson,* 405 U.S. 518 520–22, 92 S.Ct. 1103, 1105–06, 31 L.Ed.2d 408 (1972). This exception is inapplicable in the present case, however, since petitioner does not contend that the insurance statute, and specifically § 35–425, abridges any behavior protected by the First Amendment.

to the provisions of the whole law, and, to its object and policy.' [369 U.S. at 11, 82 S.Ct. at 592 (footnote omitted), *quoting Mastro Plastics Corp. v. NLRB,* 350 U.S. 270, 285, 76 S.Ct. 349, 359, 100 L.Ed. 309 (1956).] Furthermore, the interpretation of a word in one provision of a statute may often be clarified by reference to that same term in another section. *Tri-State Terminals, Inc. v. Jesse,* 596 F.2d 752 (7th Cir. 1979); *United States v. Gertz,* 249 F.2d 662 (9th Cir. 1967); *United States v. Vargas,* 380 F.Supp. 1162 (E.D.N.Y.1974). *See also Fleming v. Moberly Milk Products Co.,* 82 U.S.App.D.C. 16, 160 F.2d 259, *cert. denied,* 331 U.S. 786, 67 S.Ct. 1304, 91 L.Ed. 1816 (1947) (common words within a statute will be given the same meaning if there is no evidence indicating a contrary legislative intent); *Cooke v. Board of Education,* 82 U.S.App.D.C. 117, 161 F.2d 877 (1947) (same); *United States v. Simpson,* 561 F.2d 53 (7th Cir. 1977) (same); *Hodgson v. Prophet Co.,* 472 F.2d 196 (10th Cir. 1973) (same); *Schooler v. United States,* 231 F.2d 560 (8th Cir. 1956) (same); *compare Atlantic Cleaners & Dyers, Inc. v. United States,* 286 U.S. 427, 52 S.Ct. 607, 76 L.Ed. 1204 (1932) (the meaning of identical words may vary depending on the purpose of the law and the context in which they are used); *Schultz v. NLRB,* 109 U.S.App.D.C. 120, 284 F.2d 254 (1960) (same). Thus, the meaning of "trustworthiness" must be assessed with regard to the entire statute.

█ Section 35–426 explicitly indicates that a felony conviction can be the basis for revocation of a license since it may demonstrate untrustworthiness. Furthermore, the legislation makes no suggestion that an applicant's untrustworthiness be assessed any differently when ruling on an original license application than on a suspension or revocation. Therefore, it appears that a felony conviction may not only be considered as evidence of untrustworthiness in a suspension or revocation proceeding, but also at the time at which the license is originally considered.

Petitioner relies on *Atlantic Insurance Agency, Inc. v. Jordan,* 97 U.S.App.D.C. 184, 229 F.2d 758 (1955), as authority for his contention that §§ 35–425 and –426 cannot be read in conjunction with one another, so as to allow a felony conviction to be utilized as an indication of untrustworthiness in an original license application. His reliance on *Atlantic,* however, is misplaced. In *Alantic,* a case concerning the then existent statute for grant, renewal, or revocation of a license, the section pertaining to suspension and refusal to renew licenses, contained *no* reference to the trustworthiness of the licensee, while the provision regarding the original grant or denial of an application, provided that trustworthiness be evaluated. As a result of this distinction in standards, the court held that it was error for the District of Columbia Department of Insurance to refuse to renew a broker's license on the grounds that the petitioner was not trustworthy, since that quality was not mentioned in the section of the statute regarding renewals. Here, unlike in *Atlantic,* the standard for granting and reissuing a license is identical in that both, insofar as here relevant, focus on trustworthiness as the criterion to be considered. We find nothing in *Atlantic* that prohibits the two present sections from being read together. We thus reject petitioner's contention that the statute was unconstitutionally vague as applied to him.[4]

█ Petitioner further challenges the denial of his solicitor's license, on the grounds that the department's reliance on his six-year-old conviction for receiving stolen property and his eleven-year-old conviction for petit larceny violates the requirements of due process, contending that there is no rational relationship between these prior convictions and his present trustworthiness. The constitutionality of regulations which proscribe the issuance of licenses to persons convicted of specified felonies was before

---

4. Based on our conclusion that §§ 35–425 and –426 may be read in conjunction with one another, we need not address the issue of whether or not "trustworthiness" in and of itself, is a sufficiently specific standard to survive a void for vagueness challenge.

this court in *Debruhl v. District of Columbia Hacker's License Appeal Board*, D.C. App., 384 A.2d 421 (1978), and *Bradford v. Hacker's License Appeal Board*, D.C.App., 396 A.2d 988 (1979). In *Debruhl*, an applicant was denied a hacker's license on the grounds that he had been convicted of armed robbery and was currently on parole. We held that a regulation forbidding the licensure of individuals who had been convicted of certain felonies within the past three years was "rational relation to a legitimate objective." 384 A.2d at 426. In reaching this decision, we stated:

> Hackers pursue their employment without close supervision and maintain direct and personal contact with the general public, which must necessarily rely upon the District's certification of fitness. It is not unreasonable to evaluate the character of potential licensees with regard to trustworthiness and to view certain types of prior convictions of relatively recent occurrence as establishing a lack of moral integrity. [*Id.* at 426.]

Despite the potential relevancy of felony convictions, petitioner now maintains that his convictions are too remote in time to be pertinent to a consideration of his fitness for a solicitor's license. In *Bradford*, however, where an applicant was denied a hacker's license on the grounds that he was on parole for an eight-year-old conviction for robbery and unauthorized use of a motor vehicle, we held that a regulation providing for an automatic exclusion based on parole status was not a violation of due process.[5] Therefore, here where the petitioner's record indicates a series of larcenous offenses, the latest one occurring only six years ago, from which the petitioner was still on parole at the relevant time, we likewise hold that a rational relationship exists between the denial of an insurance solicitor's license to a convicted felon and the protection of

the public from insurance solicitors who are untrustworthy.

*Affirmed.*

Here, § 35–426 regarding license revocations, does not create an irrebuttal presumption against convicted felons, but merely allows a felony conviction to be considered as evidence of untrustworthiness.

---

**5.** Both *Debruhl v. District of Columbia Hacker's License Appeal Bd., supra,* and *Bradford v. Hacker's License Appeal Bd., supra,* concerned the constitutionality of regulations providing for a *per se* exclusion, preventing a certain class of individuals from obtaining a license.