Cassandra MAYS, Plaintiff,

v.

**TSI STAFFING, INC., Padmanabh, Inc. d/b/a Days Inn Beaumont, and Days Inns of America, Inc., Defendants.**

No. 1:98–CV–2024.

United States District Court,
E.D. Texas,
Beaumont Division.

June 15, 1999.

---

2. Thus, the Court need not address Defendant's alternative motion for judgment on the pleadings under Fed.R.Civ.P. 12(c).

Kevin Michael Jordan, Eric Paul Edwardson, Sheldon, Jordan & Dunham, Beaumont, TX, for plaintiff.

Michael D. Schoen, Trophy Club, TX, for defendant Tsi Staffing & Padmanabh.

David Anthony Scott, Jackson, Lewis, Schnitzler & Krupman, DALLAS, TX, for Days Inns of America.

### MEMORANDUM OPINION

COBB, District Judge.

Plaintiff, an African American employed by defendant TSI Staffing, started working at Days Inn Beaumont on or about September 10, 1996. During her employment, plaintiff allegedly endured repeated acts of racial discrimination exercised by her supervisor, also an employee of TSI Staffing. In addition to the discrimination exercised by her supervisor, plaintiff was required to engage in a larger practice of discrimination against African Americans by allegedly neglecting to clean certain rooms that were rented out solely to minorities. Plaintiff allegedly reported this discrimination to Days Inns of America (hereinafter DIA) by calling its 1–800 number. DIA did nothing to address the discrimination exercised against plaintiff. Eventually, as a result of the discrimination she allegedly endured, plaintiff left her job and filed suit against DIA, Days Inn Beaumont and TSI Staffing.

In her suit, plaintiff initially alleged violations of 42 U.S.C. Sections 1981, 1985 and 1986 as well as negligence and intentional infliction of emotional distress. Since filing suit, plaintiff has withdrawn her Section 1981 and 1986 claims, leaving only the Section 1985, negligence and intentional infliction of emotional distress claims remaining.

Defendant DIA has filed a Motion to Dismiss/Motion for Summary Judgment. DIA denies having any involvement in any alleged conspiracy between it, Days Inn Beaumont and TSI Staffing to discriminate against African Americans. It asserts that plaintiff has failed to plead facts upon which such a conspiracy can even be inferred by the court.

### ANALYSIS

A 12(b)(6) motion should be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In deciding a 12(b)(6) motion, the pleadings must be considered in the light most favorable to the plaintiff and all material allegations contained in the complaint must be accepted as true. *Doe v. Hillsboro Independent School District*, 81 F.3d 1395, 1401 (5th Cir.1996). The pleadings need only set forth a "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Mahone v. Addicks Utility District of Harris County*, 836 F.2d 921, 926 (5th Cir.1988) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Given the above standard for granting or denying a 12(b)(6) motion, we will address each element in turn, beginning with plaintiff's Section 1985 claim.

To establish a valid claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a per-

son is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Deubert v. Gulf Federal Sav. Bank*, 820 F.2d 754, 757 (5th Cir.1987) *citing United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). Further, plaintiff must establish that the conspiracy was motivated by class-based animus. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir.1994).

Plaintiff alleges that Days Inn America conspired with Days Inn Beaumont and TSI Staffing to deprive her of the equal protection of the law because she is African American. There are three basic elements to plaintiff's claim. One, plaintiff asserts that she was discriminated against by her supervisor, an employee of TSI Staffing. Two, plaintiff asserts that Days Inn Beaumont reserved certain substandard rooms for African Americans. Three, plaintiff claims that Days Inns of America failed to respond to plaintiff's complaints regarding both the discrimination and the substandard rooms when she called their national 1–800 reservation number.

Based on plaintiff's allegations, it is not difficult to assume that a conspiracy may have existed between Days Inn Beaumont and TSI Staffing. Both the discrimination exercised by plaintiff's supervisor, who was in control not only of cleaning crews but also reception, as well as the alleged policy of reserving substandard rooms for African American guests, constitute unlawful acts that appear to have shared the unified goal of denying blacks the equal protection of the laws. The weak link in plaintiff's assertions, however, is Days Inns of America.

■ To satisfy a Section 1985 conspiracy claim, plaintiff need only provide facts from which the elements of a conspiracy can be inferred. *Green v. State Bar of Texas*, 27 F.3d 1083 (5th Cir.1994); *Riggs v. City of Pearland*, 177 F.R.D. 395, 408–09 (S.D.Tex.1997). In this case, plaintiff fails to present facts upon which the court

can even infer that Days Inns of America was engaged in a conspiracy with Days Inn Beaumont and TSI Staffing to deny plaintiff equal protection under the law. For one, there is nothing to suggest that Days Inns of America knew anything about the discrimination being exercised at the Days Inn Beaumont.

Plaintiff asserts that DIA had reason to know about the discrimination exercised against her because she called Days Inns of America's 1–800 DAYS INN number. This number is strictly a reservations line. It is not surprising that calls to this line alleging discrimination against an employee hired by a staffing agency for one of Days Inns' franchises did not induce any response. Even if one could assume that such a call should have elicited a response, there is nothing in the pleadings suggesting that Days Inns of America's failure to act on these calls constituted an element of conspiracy.

A central element of a Section 1985 conspiracy is that two or more individuals join together with the shared purpose of depriving a person or class of their rights. *Hilliard*, 30 F.3d at 652. This is not what plaintiffs allegations regarding DIA suggest. On the contrary, they suggest that DIA and Days Inn Beaumont did not join together for a shared purpose, but rather, that Days Inn Beaumont expressly violated the wishes of DIA by hiring discriminatory staffing services and reserving substandard rooms to African Americans, both a potential breach of the licensing agreement between Days Inn Beaumont and DIA.

According to the licensing agreement between DIA and Days Inn Beaumont, Days Inn Beaumont agreed to "operate the unit in a clean, sanitary, safe and orderly manner, providing courteous service and high quality accommodations to the public" regardless of race. (See Franchise Agreement, p. 13, attached to Defendant Days Inns of America, Inc.'s Motion to Dismiss). Days Inn Beaumont also

agreed to "not allow its executive officers, general partners, employees, representatives, or guests to engage in conduct which is unlawful or damaging to the good will of the system" (*Id.* at p. 13), and actually warranted to DIA that "[t]he unit will be built and operated in compliance with all local, state and federal laws, ordinances, rules and regulations." (*Id.* at p. 25).

Based on the provisions agreed to by both Days Inn Beaumont and DIA, not only does plaintiff fail to sufficiently suggest a conspiracy existed between the two parties but, on the contrary, she implies that the opposite is in fact true. Instead of conspiring with DIA, in other words, it appears that, based on plaintiff's complaint, Days Inn Beaumont was engaged in active defiance of DIA's will, that will being clearly expressed in the licensing agreement between them. The fact that DIA did not respond to plaintiff's alleged calls to its reservation number is not enough to suggest otherwise. The number was not designed nor did it hold itself out to be a forum for entertaining complaints. It would require an unreasonable stretch of the imagination to assume that simply because the number functioned as it was supposed to, i.e. as a reservation line and not as a forum for complaints, that DIA was therefore engaged in a conspiracy to deprive the plaintiff or African Americans in general their rights.

Just because plaintiff alleges no evidence suggesting that a conspiracy involving DIA existed, does not mean that a conspiracy could not have existed between Days Inn Beaumont and TSI Staffing. It simply means that, if there was such a conspiracy, then DIA was not a party to it. Consequently, Days Inns of America's motion to be dismissed as a party to this case should be granted.