UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31008
_____

ADRIENNE COBB; ET AL;

                                                    Plaintiffs,

ADRIENNE COBB; EDDIE OLIVER; TOMMY PERKINS
NATHALAN PERKINS,

                                        Plaintiffs-Appellants,

                          versus

ROBERT ROSHTO; RAYMOND HOLLOWAY; TERRY E. PITRE;
MURPHY J. PAINTER; SAM GARAFOLA; AIMEE, Agent;
JEFF WESLEY; SCOTT JONES; CITY OF DENHAM SPRINGS,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Civil Docket #98-CV-622-C
_____
March 26, 2002

Before JONES, WIENER, and PARKER, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        The court has carefully considered this appeal in light

of the briefs, oral argument and pertinent portions of the

record.  Having done so, we conclude that it is unnecessary to

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recite the history of the case, as the parties are well familiar with it, and that the issues raised by appellants should be resolved as follows.

1.    We affirm the implicit grant of summary judgment on § 1985 conspiracy claims raised by Tommy Perkins and Nathalan Perkins.[1]  This court is empowered to sustain a summary judgment on any ground asserted in the record below and sustained by the evidence.  Lady v. Neal Glaser Marine, Inc., 228 F.3d 598, 601 (5th Cir. 2000).  Appellants point to no summary judgment evidence, other than their self-serving assertions in affidavits, that supports an inference of invidious motivation, i.e. a motivation by the Denham springs defendants (the City, Jeff Wesley and Scott Jones) to deprive Tommy and Nathalan Perkins of equal protection of the laws.  For lack of proof of this element of a § 1985 claim, summary judgment is proper.  Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir. 1994).

2.    We affirm the grant of summary judgment on Tommy Perkins's § 1983 claims against the Denham Springs defendants. With regard to his claims arising from a local administrative proceeding, the district court correctly held that, as there was never a hearing (and the proceeding was dismissed by state court order), there could be no constitutional deprivations.  The

---

[1]The appellees do not cross-appeal the court's July 22, 2000 order that apparently preserved any § 1985 claims Adrienne Cobb might have asserted against the Denham Springs defendants.

2

claims concerning the seizure of Perkins's liquor and the alleged failure to return the liquor promptly fail because of Chief Wesley's qualified immunity. The Chief had at least arguable probable cause for his actions, precluding a finding that his actions were objectively unreasonable in light of clearly established constitutional law. Anderson v. Creighton, 483 U.S. 635, 640 (1987).

3. We affirm the grant of summary judgment on Nathalan Perkins's § 1983 claims for the incidents other than the Fourth Amendment claims arising out of her arrest and the search of her home. The district court's dismissal thus includes Nathalan's claims for Fifth and Sixth Amendment violations in connection with her arrest and for lost wages while Tommy Perkins's lounge was shut down. There is no evidence to sustain the former alleged constitutional violations, and there is no constitutional claim for lost wages under these circumstances.

4. We reverse and remand the grant of summary judgment to Robert Roshto on grounds of prescription. The state court proceedings do not support the district court's finding that the state case against Roshto was dismissed on an exception of improper cumulation. Instead, the amended petition in state court interrupted prescription against Roshto.

5. We reverse and remand the district court's dismissal of § 1988 claims brought by appellants, solely to the

extent that if appellants prevail on any of their remaining claims, they may recover attorneys' fees and costs under § 1988.

6.   We affirm the district court's discretionary decision to remand appellants' state law claims to the state court.  Under the federal statute, 28 U.S.C. § 1367(c)(2), the court may decline to exercise supplemental jurisdiction over state law claims if they "substantially predominate" over the federal claims.  Bass v. Parkwood Hospital, 180 F.3d 234 (5th Cir. 1999).  Taking into account our reversal of the summary judgment for Roshto, the dozen or more state law claims nevertheless continue to "substantially predominate" in number, variety, and complexity.  The district court did not abuse his discretion.

7.   We affirm the dismissal of Eddie Oliver's claims other than any claim pending against Robert Roshto.

AFFIRMED in part, REVERSED in part and REMANDED.

4