**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 6, 2007**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 07-30135
Summary Calendar

_____

TAMRIN DJOHAN,

Plaintiff-Appellant,

versus

RICHARD IEYOUB, In His Official Capacity as Attorney General of
the State of Louisiana; SID GATREAUX, In His Official Capacity as
Chief of Police, City of Baker; CASEY HOWARD, Individually and in
His Official Capacity as Investigator for Louisiana Department of
Law Enforcement; UNKNOWN POLICE OFFICERS, Sued Individually and
in Their Official Capacities; THE CITY OF BAKER; CAPTAIN JESSIE
BOURGOYNE; JAMES PIKER; DETECTIVE MIKE SHROPSHIRE; JAMES
BROUSSARD; LIEUTENANT MIKE KNAPS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:03-CV-00686

_____

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Tamrin Djohan appeals the district court's grant of summary judgment to Defendants on a plethora of claims arising from a search of the house where he rented a room. Finding no error, we AFFIRM.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  BACKGROUND

After receiving a tip regarding child pornography at the home of John Mickelson, the Louisiana Attorney General's High Tech Crime Unit obtained a "no knock" warrant to search Mickelson's home and "all other structures, vehicles, and places on the premises." While executing the warrant, the crime unit, assisted by Baker police officers, searched a room adjoining the garage, which Djohan was renting.

Following the search, Djohan asserted claims against the officers and the attorney general for false arrest, unreasonable search, unreasonable seizure of property, conspiracy in violation of 42 U.S.C. § 1985, and municipal liability under 42 U.S.C. § 1983 and various state law claims.  The district court granted summary judgment to Defendants on all claims, and Djohan now appeals.

## II.  DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. MacLachlan v. ExxonMobil Corp., 350 F.3d 472, 478 (5th Cir. 2003). A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

2

to a judgment as a matter of law." FED. R. CIV. P. 56(c). Facts are material only if they "might affect the outcome of the suit under the governing law....Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

The district court properly granted summary judgment on Djohan's false arrest claim. Although his movement was restricted to some degree during the search, this was required in order to provide for the protection of the officers and to prevent the contamination of evidence. See Michigan v. Summers, 452 U.S. 692, 702, 101 S. Ct. 2587, 2594 (1981). The record evidence shows that Djohan was not physically restrained or abused at any point, and any restraint was both minimal and justified.

Similarly, the search of the garage room was proper. The plain language of the warrant allowed the officers to search the entire premises, and that room shared a roof with the main house. Even assuming the room is separate from the main house, it easily would fall under the definition of curtilage. See United States v. Thomas, 120 F.3d 564, 571 (5th Cir. 1997).

Djohan's remaining claims are without merit. He presents no facts to establish his § 1985 conspiracy claim, see Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir. 1994), and identifies no official policy that would substantiate his § 1983 claim, see Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)

3

(citing <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 2038 (1978)).

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**