# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40040
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

WILLIE JEFFERSON,

Plaintiff-Appellant

v.

ROBERT SMITH; MICHAEL GREENE, Administrative Remedy Coordinator; MICHAEL CARVAJAL; HARRELL WATTS, National Inmate Appeals Administrator; DARRELL ENDSLEY; DONNIE GOLDEN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:13-CV-18

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Willie Jefferson, federal prisoner # 15721-018, is appealing the district court's order and judgment granting the defendants' motion to dismiss or, alternatively, for summary judgment dismissing his complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his complaint, Jefferson alleged that he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40040

an African-American Muslim and that the defendants, who are Bureau of Prisons (BOP) officers, entered into a racially-motivated conspiracy to have him transferred to a higher security facility in retaliation for his filing grievances.

This court reviews a district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 de novo. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010); *Mayfield v. Texas Dep't of Crim. Justice*, 529 F.3d 599, 603-04 (5th Cir. 2008).

The district court did not err in relying on *Johnson v. Johnson,* 385 F.3d 503 (5th Cir. 2004), in concluding that Jefferson failed to include sufficient facts to exhaust his administrative remedies concerning his claims based on racial and religious discrimination. *See Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017). A review of the disciplinary and administrative proceedings challenging the findings of guilt in the two disciplinary cases at issue reflects that the proceedings were legitimate because there was evidence to support the disciplinary actions taken. Thus, Jefferson failed to show that, but for acts of retaliation, the incident reports would not have been filed. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). His retaliation claim thus fails. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

The competent summary judgment evidence regarding the informal resolution of one of the disciplinary actions did not show that the incident report supporting the charge was false. Although a transfer to a more dangerous section of a prison can rise to the level of an actionable retaliation claim, *Morris v. Powell,* 449 F.3d 682, 687 (5th Cir. 2006), Jefferson has not produced any competent summary judgment evidence of the causation element of a retaliation claim, *see Woods,* 60 F.3d at 1166.

No. 16-40040

In addition, Jefferson has failed to show that his claims under 42 U.S.C. § 1985(3) and § 1986 fall outside of the general rule that the acts of an agent of a corporate or government entity are considered the acts of the entity. Because the alleged conspiracy did not involve two or more people, Jefferson's claims of a conspiracy are barred. *See Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994).

Contrary to Jefferson's argument, the district court considered the two-prong test for determining whether a defendant is entitled to qualified immunity and determined that Jefferson failed to present competent summary judgment evidence satisfying either condition. *See Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006). Because Jefferson failed to provide evidence showing a violation of a clearly established constitutional right, he has failed to show that the district court erred in determining that the defendants were entitled to the defense of qualified immunity. *Id.* Therefore, the judgment of the district court granting the defendants' motion to dismiss or, alternatively, for summary judgment is **AFFIRMED**.